CALEB PARIS *v.* JONATHAN C. DEXTER.

*( In Chancery.)*

Chancery will not relieve the maker of a note, given upon the compromising and settlement of a suit brought for the *bona fide* purpose of a recovery, and in which there was evidence tending to prove the allegation on which it was founded, unless it appear that the maker was incapable of understanding the nature, extent and effect of the business he was transacting, or was so overreached as to make the retaining of the note unconscionable.

THIS was an appeal from a decree of the court of chancery dismissing the orator's bill.

The orator in his bill, set forth and charged, in substance, that, on the 28th of August, 1839, the defendant commenced an action of slander against him, based upon allegations which were false and malicious; that the defendant caused the orator to be arrested, and so having him in arrest, made use of various fraudulent devices to extort money from him, in compromise and settlement of the suit, by means of which the orator, being seventy-three years of age, and of weak bodily health, and feeble mental capacity, was induced to execute a note to the defendant for $500 payable at the decease of the orator; and praying that the defendant might be decreed to deliver up said note, &c.

The defendant, in his answer, admitted the institution of the suit, the arrest of the orator, and the execution of the note, but denied the allegation of malice, and falsehood, and that he used fraudulent devices in effecting the compromise of the suit, and that the orator was of weak health and feeble capacity—and alleged that the suit had been brought in good faith, for certain slanders of the defendant, and particularly that of charging him with having been bribed to betray his trust, as counsel for the orator.

The answer was traversed and testimony taken. The facts found sufficiently appear from the opinion of the court.

*C. B. Harrington*, for orator.

*J. C. Dexter, pro se.*

RUTLAND,
*February,*
1843.

Paris
*v.*
Dexter.

The opinion of the court was delivered by

HEBARD, J. — To grant the relief prayed for, the orator must prove that, at the time he gave the note, he was in such an imbecile state of mind as to be incapable of understanding the nature, effect and extent of the business he was transacting, arising from some temporary cause, or the infirmities of age, — or he must show such overreaching and fraud on the part of the defendant, as will make it unconscionable for him to retain it.

We think the orator has not established either of these points. It is fully established by the proof, that defendant thought himself aggrieved by the representations of the orator in regard to his character as an attorney ; and there was evidence which, at least, *tended* to prove that fact. Upon that, unquestionably, the defendant had a right to institute a suit to recover damages for the slanderous imputation, and to prosecute such suit to a final result, without subjecting himself to damage for a malicious suit, even though he might fail of a recovery.

The claim and suit were such a matter for adjustment and settlement, as would be a legal consideration for a promise. The orator might have thought there was some doubt about the result ; or if not, he might choose to pay something to be rid of the expense and trouble of defending the suit ; and if for that the suit was discharged, there cannot be any question about the legality of the consideration.

The decree of the chancellor is affirmed,